IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Lester and Kathleen Pearce, et al., | ) | No. CV 05-3969-PCT-ECV |
| Plaintiffs, | ) ) | **ORDER** |
| vs. | ) ) | |
| United States of America, | ) ) | |
| Defendant. | ) ) ) | |

    Pending before the court is Defendant's Motion to Dismiss (Doc. #9), filed on March 7, 2006. Defendant seeks dismissal of this action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. Plaintiffs filed a Response to Motion to Dismiss (Doc. #11) on April 4, 2006, after which Defendant filed a Reply (Doc. #12) on April 18.

    Plaintiffs filed a Complaint (Doc. #1) on December 6, 2005, in which they allege liability against the United States Department of the Interior under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671. Plaintiffs allege that in June 2002, their property was substantially damaged by the "Rodeo Fire." They allege that Defendant undertook the responsibility to fight the fire but performed their firefighting duties negligently. Defendant argues in its motion that it retains sovereign immunity against Plaintiffs' claims because its firefighting activities involved the performance of discretionary functions. Plaintiffs argue

1 in response that Defendant has presented no facts for the court to conclude that the
2 discretionary function exception applies here.

3       The FTCA provides a waiver of the government's sovereign immunity for torts
4 committed by government employees while acting within the scope of their employment.
5 28 U.S.C. § 1346(b); Kelly v. United States, 241 F.3d 755, 759 (9th Cir. 2001). In such cases,
6 the government may be held liable for negligence to the same extent as a private person
7 under similar circumstances. Id. The FTCA's waiver of immunity, however, is limited by
8 several exceptions, one of which is the "discretionary function" exception. Kelly, 241 F.3d
9 at 759-60; Marlys Bear Medicine, 241 F.3d 1208, 1213 (9th Cir. 2001). Under this exception,
10 the government is not liable for claims

11       based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee
12       of the Government, whether or not the discretion involved be abused.

13 28 U.S.C. § 2680(a). In cases where the discretionary function exception applies, the court
14 lacks subject matter jurisdiction. Kelly, 241 F.3d at 760.

15       In Berkovitz v. United States, 486 U.S. 531, 536 (1988), the Supreme Court
16 established a two part test to determine whether the discretionary function exception applies.
17 First, the court must examine the nature of the challenged conduct and "consider whether the
18 action is a matter of choice for the acting employee." Id. "Thus, the discretionary function
19 exception will not apply when a federal statute, regulation, or policy specifically prescribes
20 a course of action for an employee to follow." Id. Second, "assuming the challenged
21 conduct involves an element of judgment, a court must determine whether that judgment is
22 of the kind that the discretionary function exception was designed to shield." Id. This
23 element reflects one of the purposes of the discretionary function exception, which is to
24 prevent judicial "second-guessing" of governmental decisions based on political, social and
25 economic judgments. Id. "Whether a challenged action falls within the discretionary
26 function exception requires a particularized analysis of the specific agency action
27 challenged." Kelly, 241 F.3d at 760. The government bears the burden of proving the
28

1 applicability of the discretionary function exception.  Marlys Bear Medicine, 241 F.3d at
2 1213.

3       Here, Plaintiffs allege in their complaint that Defendant acted negligently when
4 fighting the Rodeo Fire.  For example, they allege that Defendant, "in the process of 'back
5 burning' to slow the advancement of the Rodeo Fire, failed to exercise reasonable care in the
6 implementation of fire fighting techniques."  Doc. #1 at 2.  They further allege that agents
7 of Defendant "engaged in actions that caused or precipitated the causes of the Rodeo Fire...,"
8 and that Defendant "failed to use reasonable care in the performance of implementing fire
9 safety measures and fire fighting techniques."  Id.  In addition, Plaintiffs allege that
10 Defendant improperly interfered with local firefighting authorities and failed to adequately
11 train the individuals entrusted to carry out Defendant's policies.  Id. at 2-3.

12       The court finds that Defendant's motion fails to demonstrate the applicability of the
13 discretionary function exception.  Defendant has not established through a particularized
14 analysis of the agency's actions that such actions fall within the discretionary function
15 exception.  Admittedly, Plaintiffs allegations are vague and do not permit a particularized
16 analysis of the facts.  However, the allegations appear to challenge at least some actions that
17 do not involve the exercise or performance of discretionary functions.  By challenging
18 Defendant's implementation of fire safety measures and firefighting techniques, Plaintiffs
19 suggest that prescribed firefighting policies and procedures were not followed.  Such actions
20 would not be covered by the discretionary function exception.

21       In reviewing a facial challenge to subject matter jurisdiction under Rule 12(b)(1) of
22 the Federal Rules of Civil Procedure, the court must take the allegations in the complaint as
23 true.  Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004).  Because Defendant has failed
24 to show that Plaintiff's allegations fall within the discretionary function exception, the motion
25 to dismiss will be denied.

26 ///
27 ///
28

Case 3:05-cv-03969-ECV   Document 13   Filed 05/02/06   Page 4 of 4

**IT IS THEREFORE ORDERED:**

That Defendant's Motion to Dismiss (Doc. #9) is **denied**.

DATED this 1st day of May, 2006.

_____
Edward C. Voss
United States Magistrate Judge